UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHERRY LA HUFF-BERRY and DENNIS BERRY,<br><br>Plaintiffs,<br><br>v.<br><br>ROYAL CARIBBEAN CRUISES LTD, individually and d/b/a ROYAL CARIBBEAN INTERNATIONAL, a foreign corporation and JOHN DOES 1-20,<br><br>Defendants. | CIVIL ACTION NO.<br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs Sherry La Huff-Berry and Dennis Berry ("Plaintiffs") residing at 330 Myrtle Avenue in the Township of Irvington, County of Essex, State of New Jersey by way of Complaint against Royal Caribbean Cruises Ltd, d/b/a Royal Caribbean International ('Defendant RCCL') and John Does 1-20, are individuals, entities and organizations the precise roles of which and identities of whom are at present unknown but will be identified during pretrial investigation, ("Does") states as follows:

### LOCAL CIVIL RULE 10.1 STATEMENT

1. The names and addresses of the parties to this action are as follows:

   a. Plaintiff SHERRY LA HUFF-BERRY resides at 330 Myrtle Avenue in the Township of Irvington, County of Essex, State of New Jersey 07111.

   b. Plaintiff DENNIS BERRY resides at 330 Myrtle Avenue in the Township of Irvington, County of Essex, State of New Jersey 07111.

  c. Defendant Royal Caribbean Cruises, Ltd, d/b/a Royal Caribbean International, maintains its principal place of business at 1050 Caribbean Way in the City of Miami, County of Miami-Dade, State of Florida 33132.

## JURISDICTION

2. Plaintiffs reside in the State of New Jersey and therefore this Court has jurisdiction over Plaintiffs pursuant to 28 U.S.C. §1332(a).

3. Defendant RCCL is a corporation with its principal place of business in the State of Florida, and therefore this Court has jurisdiction over Defendants pursuant to 28 U.S.C. §1332(c).

4. Plaintiffs are alleging damages exceeding $75,000.00, and therefore this Court has jurisdiction over both parties pursuant to 28 U.S.C. §1332(a).

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1333, which provides original jurisdiction to United States District Courts exclusive of state courts of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they may be entitled", and pursuant to Article III, Section 2 of the U.S. Constitution.

## VENUE

6. Venue is specifically proper in this Court pursuant to 28 U.S.C. §1391(a) because Plaintiffs reside in this District, Defendants conduct business in this District.

## PARTIES

7. At all times material to the within causes of action, Plaintiffs were residents of the State of New Jersey.

8. At all times material to the within causes of action, Defendant RCCL was a Denmark corporation licensed to conduct business in the United States, particularly including the State of Florida.

9. At all times material to the within causes of action, Defendant RCCL did conduct business globally and throughout the United States as Royal Caribbean Cruises Ltd.

10. At all times material to the within causes of action, Defendant RCCL transacted business throughout the United States by among other manners, methods and means use of the United States mail to communicate with passengers, prospective passengers, staff, contract counterparty's, and public agencies to send and receive, by way of illustration only, contracts, tickets, payments, pamphlets, advertisements, itineraries, and schedules.

11. At all times material to the within causes of action, Defendants John Does 1-20, are individuals, entities and organization the precise role and inditities of which are at present unknown but will be identified during pretrial investigation.

12. At all times material to the within causes of action, Defendants owned and/or operated a cruise ship known as the *M.V. ADVENTURE OF THE SEAS* ('the Vessel').

## CAUSES OF ACTION

### COUNT ONE

### NEGLIGENCE-DANGEROUS CONDITIONS

13. Plaintiff, SHERRY LA HUFF-BERRY, realleges, adopts, and incorporates the allegations in paragraphs 1 through 12 above, as though fully set forth herein.

14. On or about Tuesday, May 8, 2018 at approximately 1:30 in the afternoon, Plaintiff, SHERRY LA HUFF-BERRY, was a passenger injured aboard *M.V. ADVENTURE*

***OF THE SEAS*** while lawfully on its premises enjoying amenities available to its passengers, specifically but not by way of limitation as a guest at, or in the vicinity of, the WindJammer Café.

15. At all times material to the within causes of action, it was the duty and responsibilities of Defendants to maintain the Vessel in a safe and seaworthy condition for all known intended and reasonably foreseeable purposes, including particularly but not by way of limitation, all common areas of public accommodations to which passengers were invited, known to travel, or use in any other fashion.

16. At all times material to the within causes of action, the Defendants and those acting in concert with them used a business model to earn a profit that included solicitation of passengers for a fee to a vessel that included restaurants and other recreational facilities for their enjoyment while a passenger.

17. At all times material to the within causes of action, the Defendants and those acting in concert with them concealed and failed to disclose their intention, or willingness to suffer, the existence of dangerous and an unsafe condition rendering all, or a portion of, the vessel unsafe for the known, intended and purpose communicated to individuals thereupon boarded upon the vessel for a fee as a passenger.

18. At that time and place, Defendants had a duty to its paying passengers, including Plaintiff, SHERRY LA HUFF-BERRY, to maintain its premises in a reasonably safe manner under the circumstances, including keeping its decks maintained and free of any conditions that could, would, or might present a hazardous and/or dangerous condition to individuals boarded

the vessel as passengers and which Defendants knew or should have known existed in the exercise of reasonable care.

19. At that time and place, Defendants breached each duty to Plaintiff, SHERRY LA HUFF-BERRY, to provide premises, including but not limited to Deck 11 in the vicinity of the WindJammer Café, for its known, foreseeable, and intended purpose.

20. At that time and place, Defendants allowed, caused, suffered, permitted and/or failed to remove water or some other transient substance, on Deck 11 in the vicinity of the WindJammer Café, the presence of which thereby created a hazard and caused a dangerous condition for anyone who used, or, who attempted to use, that portion of Deck 11 for its known, intended, and reasonably foreseeable purpose.

21. At that time and place, the Defendants failed to exercise proper care in maintaining the said area in a safe condition, or in the alternative;

22. At that time and place, the Defendants so recklessly or negligently maintained, operated or controlled said premises as to cause the Plaintiff, SHERRY LA HUFF-BERRY, to be injured thereon at a time when the Defendants caused the premises to be unsafe, and knew, or by the exercise of reasonable care, should have known, that the said area was not in a reasonably safe condition commensurate with the circumstances of its use by passengers, or in the alternative;

      i. employed incompetent, inexperienced, unskilled or careless employees and/or failed to exercise proper supervision of said employees in maintaining the said area in a proper, safe condition thereby causing

serious injuries to the Plaintiff, SHERRY LA HUFF-BERRY, as herein alleged, or in the alternative;

ii. that at the time and place aforesaid, the Defendants knew or should have known of the existence of the dangerous walking environment and fall hazard for a period of time sufficient to put the Defendants on notice, and the Defendants failed under their duty to both clean the area or warn business invitees of said dangerous condition, or in the alternative, the Defendants' employees knew of the existence of the "dangerous environment" in the area, and in the exercise of their duty to maintain said area in a reasonably safe condition for the invitee's use, so carelessly and negligently maintained said area that it was, in fact, a hazard, and it caused the Plaintiff, SHERRY LA HUFF-BERRY, to fall and sustain substantial injury to herself.

iii. that as a direct and proximate result of the said negligence by Defendants, the Plaintiff, SHERRY LA HUFF-BERRY, has suffered bodily injury, and resulting pain and suffering, disability, mental anguish and has incurred substantial medical expenses for treatment and care, past, present and future.  Said losses, injuries and expenses are either permanent or continuing in nature and Plaintiff, SHERRY LA HUFF-BERRY, will continue to suffer the same in the future.

23. At that time and place, Defendants breached duties to Plaintiff SHERRY LA HUFF-BERRY, by failing to use reasonable care under the circumstances in negligently failing

to inspect, maintain, and clean the walking surface on Deck 11, including the area in front of the Deck 11 women's bathroom facilities on the *M.V. ADVENTURE OF THE SEAS*.

24. At that time and place the aforesaid duty was breached and the occurrence was caused by the carelessness, recklessness, and negligence of the Defendants, their agents, servants, employees, and representatives in creating the aforesaid dangerous and hazardous condition; in permitting the aforesaid dangerous and hazardous condition to exist despite actual or constructive notice; in failing to warn against the existence of the aforesaid dangerous and hazardous condition despite actual or constructive notice; in failing to maintain the premises; in failing to make proper and timely inspections of the premises; in failing to take the appropriate measures to correct and remove the presence of the dangerous and hazardous condition and to make the area reasonably safe for passengers; and otherwise failing to exercise due care under the circumstances.

25. At that time and place as a result of the carelessness, recklessness, and negligence of Defendants, their agents, servants, employees and representatives and its disregard for the safety of others, Plaintiff, SHERRY LA HUFF-BERRY, was caused to suffer severe and permanent personal injuries, including but not limited to, substantial injury to her right knee of which has required attendance by physicians and surgeons, hospital admissions on three separate occasions for surgical procedures, discharge to rehabilitation facilities on three occasions, for a period of more than seventy-five days, and prescribed a variety of medications including substances controlled by Federal Statute as narcotic, the total cost of which to date exceeds $550,000.

26. At that time and place, Defendants' negligent failure to maintain that portion of the deck area, and failure to warn Plaintiff, SHERRY LA HUFF-BERRY of the dangerous condition on or about May 8, 2018, Plaintiff, SHERRY LA HUFF-BERRY, severely injured her right knee resulting in severe injury as hereinabove more specifically outlined at paragraph 25, and incorporated herein by reference.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

A. Compensatory damages;

B. Punitive damages;

C. Attorneys fees and expenses;

D. Costs of suit; and

E. Such other and further relief as the Court may deem just and appropriate.

## COUNT TWO

## NEGLIGENCE-DUTY TO WARN

27. Plaintiff SHERRY LA HUFF-BERRY, realleges, adopts, and incorporates the allegations in paragraphs 1 through 26 above, as though fully set forth herein.

28. Defendants' duty to its passengers and Plaintiff, SHERRY LA HUFF-BERRY, was to warn of dangerous and/or hazardous conditions which Defendants knew or should have known in the exercise of reasonable caution.

29. At that time and place Defendants breached their duty by giving a warning either non-existent or inadequate, directly or indirectly to Plaintiff, SHERRY LA HUFF-BERRY of the dangerous and/or hazardous condition specifically the presence of water or some other transient substance on Deck 11 in the vicinity of the WindJammer Café, before Plaintiff, SHERRY LA

HUFF-BERRY, was caused as a proximate result of the aforesaid breach to sustain substantial and permanent injury in consequence thereof.

30. At that time and place the aforementioned negligence of Defendants created a hazardous condition to its passengers and to Plaintiff, SHERRY LA HUFF-BERRY, and was known to Defendants or Defendants should have known of it, or that such slips and falls occur with such frequency on that deck and other similar decks of Defendants' vessels so as to provide prior notice to Defendants.

31. At that time and place, the Defendants failed to exercise proper care in maintaining the said area in a safe condition, or in the alternative;

32. At that time and place, the Defendants so recklessly or negligently maintained, operated or controlled said premises as to cause the Plaintiff, SHERRY LA HUFF-BERRY, to be injured thereon at a time when the Defendants caused the premises to be unsafe, and knew, or by the exercise of reasonable care, should have known, that the said area was not in a reasonably safe condition commensurate with the circumstances of its use by passengers, or in the alternative;

      i. employed incompetent, inexperienced, unskilled or careless employees and/or failed to exercise proper supervision of said employees in maintaining the said area in a proper, safe condition thereby causing serious injuries to the Plaintiff, SHERRY LA HUFF-BERRY, as herein alleged, or in the alternative;

      ii. that at the time and place aforesaid, the Defendants knew or should have known of the existence of the dangerous walking environment and fall

> hazard for a period of time sufficient to put the Defendants on notice, and the Defendants failed under their duty to both clean the area or warn business invitees of said dangerous condition, or in the alternative, the Defendants' employees knew of the existence of the "dangerous environment" in the area, and in the exercise of their duty to maintain said area in a reasonably safe condition for the invitee's use, so carelessly and negligently maintained said area that it was, in fact, a hazard, and it caused the Plaintiff, SHERRY LA HUFF-BERRY, to fall and sustain substantial injury to herself.
>
> iii. that as a direct and proximate result of the said negligence by Defendants, the Plaintiff, SHERRY LA HUFF-BERRY, has suffered bodily injury, and resulting pain and suffering, disability, mental anguish and has incurred substantial medical expenses for treatment and care, past, present and future.  Said losses, injuries and expenses are either permanent or continuing in nature and Plaintiff, SHERRY LA HUFF-BERRY, will continue to suffer the same in the future.

33. At that time and place, Defendants' negligent failure to maintain that portion of the deck area, and failure to warn Plaintiff, SHERRY LA HUFF-BERRY, of the dangerous condition, on or about May 8, 2018, Plaintiff, SHERRY LA HUFF-BERRY, severely injured her right knee resulting in substantial and permanent injury as hereinabove more specifically outlined at paragraph 25, and incorporated herein by reference.

34. As a result of Defendants' failure to warn the duty was breached and Plaintiff, SHERRY LA HUFF-BERRY, sustained substantial, permanent and otherwise avoidable damage to her right knee.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

A. Compensatory damages,

B. Punitive damages;

C. Attorney's fees and expenses;

D. Costs of suit; and

E. Any such other and further relief as the Court may deem just and appropriate.

## COUNT THREE

## PER QUOD

35. Plaintiff, SHERRY LA HUFF-BERRY realleges, adopts, and incorporates the allegations in paragraphs 1 through 34 above, as through fully set forth herein.

36. Plaintiff SHERRY LA HUFF-BERRY is the wife of Plaintiff DENNIS BERRY.

37. Plaintiff DENNIS BERRY is the husband of Plaintiff SHERRY LA HUFF-BERRY.

38. As a direct and proximate result of the carelessness, recklessness and negligence of the Defendants and their agents, servants, employees and representatives and their disregard for the safety of others, Plaintiff, DENNIS BERRY, has been caused severe emotional injury and distress and will be caused to lose the services of his wife and has been damaged as a result of that loss.

**WHEREFORE**, Plaintiffs, demand judgment against Defendants as follows:

A.  Compensatory damages,

B.  Punitive damages;

C.  Attorney's fees and expenses;

D.  Costs of suit; and

E.  Any such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on each cause of action, pursuant to Fed. R. Civ. Proc. 38(b).

**LAW OFFICES OF DENNIS A. DURKIN, SR.**

By: s/ Dennis A. Durkin , Sr.
**DENNIS A. DURKIN, SR.**

Dated: March 6, 2019
Roseland, New Jersey 07068


Law Offices of Dennis A. Durkin, Sr.
P.O. Box 88
Roseland, New Jersey 07068
*Attorney for Plaintiffs Sherry La Huff-Berry*
    *and Dennis Berry*