NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHERRY LA HUFF-BERRY and, DENNIS BERRY, <br><br> Plaintiffs, <br><br> v. <br><br> ROYAL CARIBBEAN CRUISES LTD., INDIVIDUALLY and d/b/a/ ROYAL CARIBBEAN INTERNATIONAL, a foreign corporation and JOHN DOES 1-20, <br><br> Defendants. | Civil Action No.: 19-CV-7946 (CCC) <br><br> OPINION |

**CECCHI, District Judge.**

Before the Court is Royal Caribbean Cruises LTD's ("Defendant") Motion to Dismiss and to Enforce Forum Selection Clause and Transfer Action (the "Motion") pursuant to 28 U.S.C. § 1404(a). ECF No. 8. Plaintiff Sherry La Huff-Berry ("Plaintiff") opposed the Motion. ECF No. 18. Defendant replied. ECF No. 19. The parties presented oral argument on this issue before Magistrate Judge Mannion on October 22, 2019. ECF No. 32. The Court has considered all of the papers and arguments submitted in support of and in opposition to the Motion. For the reasons set forth below, the Court grants Defendant's Motion and orders that this case be transferred to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1404(a).

## I. BACKGROUND

Plaintiff alleges she injured her right knee while on board a Royal Caribbean Cruise due to Defendant's negligence in failing to maintain a safe condition. See ECF No. 1. Plaintiff booked

her cruise and received an electronic "Guest Ticket Booklet" which contained a "Ticket Contract." ECF No. 8 at 1.[1] The Guest Ticket Booklet and the front page of the Ticket Contract alerted passengers in bold capital letters to sections providing a forum selection clause with a heading stating, "IMPORTANT NOTICE TO GUESTS." ECF No. 8-2 at 2. The forum selection clause provides that disputes should be litigated in the United States District Court for the Southern District of Florida, in Miami:

> ALL DISPUTES AND MATTERS WHATSOEVER ARISING UNDER, IN CONNECTION WITH OR INCIDENT TO THIS AGREEMENT, PASSENGERS CRUISE, CRUISETOUR, LAND TOUR OR TRANSPORT SHALL BE LITIGATED, IF AT ALL, IN AND BEFORE THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA LOCATED IN MIAMI-DADE COUNTY, FLORIDA, U.S.A. . . . TO THE EXCLUSION OF THE COURT OF ANY OHER STATE, TERRITORY OR COUNTY . . . . PASSENGER HEREBY CONSENTS TO JURISDICTION AND WAIVES ANY VENUE OR OTHER OBJECTION THAT HE MAY HAVE TO ANY SUCH ACTION OR PROCEEDING BEING BROUGHT IN THE APPLICABLE COURT LOCATED IN MIAMI-DADE COUNTY, FLORIDA.

Cruise/Cruisetour Ticket Contract at 14. Plaintiff filed this action in the United States District Court for the District of New Jersey on March 6, 2019. ECF No. 1. On May 22, 2019, Royal Caribbean filed a motion to dismiss the case and enforce the forum selection clause and transfer this matter to the United States District Court for the Southern District of Florida. ECF No. 8. In opposition, Plaintiff argues that she suffers from an on-going medical condition, making travel dangerous and transfer an undue burden. ECF No. 18.

---

[1] Transfer is appropriate when the defendant supports its motion with "affidavits, depositions, stipulations, or other documents containing facts that would tend to establish the necessary elements for transfer under 28 U.S.C. § 1404(a). Plum Tree Inc., v. Stockment, 488 F.2d 754, 756–57 (3d Cir. 1973). Defendant submitted the affidavit of Ivette Gari, an employee of Defendant (ECF No. 8-2) and a copy of the Guest Ticket Booklet, which contains the Ticket Contract (ECF No. 8 exhibit A).

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Transferring a case under § 1404(a) is within the sound discretion of the court so long as the court has jurisdiction. Lafferty v. St. Riel, 495 F.3d 72, 76–77 (3d Cir. 2007). When considering a transfer pursuant to § 1404(a), the court must balance various private and public interests. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The private factors include: (1) the plaintiff's choice of forum; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (5) the convenience of the parties as indicated by their relative physical and financial condition; and (6) the location of books and records. Id. The public factors include: (1) the enforceability of the judgment; (2) practical considerations making the trial easy, expeditious, or inexpensive; (3) administrative difficulty in the two fora resulting from court congestion; (4) local interest in deciding a local controversy at home; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable law. Id.

A forum selection clause "is treated as a manifestation of the parties' preference as to a convenient forum. Hence, within the framework of § 1404, Congress 'encompasse[d] considerations of the parties' private expression of their venue preferences.'" Id. at 880 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29–30 (1988)).

A forum selection clause is presumptively valid and enforceable. Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). To defeat application of the clause, the opposing party "must make a strong showing '(1) that [the forum selection clause] is the result of fraud or overreaching, (2)

3

that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstance of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.'" Lomax v. Meracord LLC, 2013 WL 5674249, at *3 (D.N.J. Oct. 16, 2013) (citation omitted).

### III. DISCUSSION

First, the Court will determine whether venue is proper in the United States District Court for the Southern District of Florida. The Court will then analyze the forum selection clause, because if it is valid and enforceable it is taken as manifestation of the parties' preference of venue. Plaintiff does not dispute the existence of a forum selection clause, but contends it is unenforceable. After determining the validity of the forum selection clause, the Court will then consider the private and public interest factors to determine whether transfer is appropriate.

#### A. Venue is Proper in the Southern District of Florida

In the first step of its § 1404(a) transfer analysis, this Court determines whether Plaintiff could have brought this case in Defendant's proposed forum, the United States District Court for the Southern District of Florida. "A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district court is located." 28 U.S.C. § 1391(b)(1). For venue purposes, an entity "shall be deemed to reside, if a defendant, in any district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c). A corporation resides in both its state of incorporation and the state "where it has its principal place of business." § 1332(c)(1); see also Hertz Corp. v. Friend, 130 S. Ct. 1181, 1190–90 (2010).

Here, Defendant is a Denmark Corporation, licensed to conduct business in the United States, particularly in the State of Florida. ECF No. 1 ¶ 8. In the complaint, Plaintiff alleges that

4

Defendant maintains its principal place of business in Miami, Florida. Id. at ¶ 1. The record reflects that Defendant maintains its principal place of business in Miami, Florida and thus was subject to personal jurisdiction in the Southern District of Florida when Plaintiff filed this action. Consequently, Defendant resides in that District for venue purposes. The Court therefore finds that Plaintiff could have commenced this case in the Southern District of Florida, and that the Court may transfer this matter to that District pursuant to 28 U.S.C. § 1404(a), if transfer is otherwise appropriate.

### B. Forum Selection Clause: Validity and Enforcement

Here, the forum selection clause weighs in favor of transferring the action to the Southern District of Florida. The clause states that all disputes shall be litigated in the Southern District of Florida to the exclusion of courts in other states. Where enforceable, the "Court must interpret [a forum selection clause] as an expression of [the parties'] agreement that [the forum selected in the contract] "would be a convenient and preferable location to litigate" the dispute. See Lomax, 2013 WL at *2 (citing Jumara, 55 F.3d at 880).

Here, Plaintiff argues that the "ticket contract . . . is invalid and unenforceable . . . for failure to reasonably communicate the forum selection clause." ECF No. 18 at 6. Specifically, Plaintiff alleges that the forum selection clause is unenforceable because the clause was only provided to her on the purchased ticket, not before purchase. Id. Further, Plaintiff argues that the forum selection clause is "unable to be viewed unless a passenger knows to specifically view that section of their online Ticket Contract." Id. Defendant argues that the clause is available online prior to purchasing the ticket and that Plaintiff had to sign the Ticket Contract to board the ship, which indicated she had been advised to read the terms of the contract. ECF No. 8 at 11.

Ticket contracts have been "reasonably communicated" and are enforceable regardless of

whether an individual reads the terms so long as there is an opportunity to read the contract. See Gomez v. Royal Caribbean Cruise Line, 964 F. Supp. 47, 50 (D.P.R. 1997) (finding a forum selection clause enforceable even when the plaintiff did not have personal knowledge of the clause); Barkin v. Norwegian Caribbean Lines, 1988 A.M.C. 645, 650 (D. Mass. 1987) (explaining that the focus is not on whether an individual read the contract but whether they had the opportunity to read the contract). Plaintiff argues the ticket contract is not enforceable because it was not available prior to purchasing the ticket. However, forum selection clauses furnished on purchased tickets have been found to be enforceable. See Spataro v. Kloster Cruise, Ltd., 894 F.2d 44, 45 (2d Cir. 1990) (finding a forum selection clause enforceable when furnished on page five of a 3.5 by 8-inch ticket). Therefore, even if the contract was not available online prior to purchase, Plaintiff's argument is nonetheless unpersuasive. Further, Plaintiff had to sign the Ticket Contract to board the cruise, which indicated she had been directed to read the terms of the contract. Gari Aff. ¶ 9. Additionally, the ticket booklet directed Plaintiff in bold capital letters to pay attention to the sections of the contract that contained the forum selection clause. Gari Aff. ¶¶ 4–7. Thus, the forum selection clause was reasonably communicated.

Plaintiff also argues the forum selection clause should not be enforced because her medical conditions make travel dangerous and would constitute an undue burden. ECF No. 18 at 4–5, 7–8. Health and age preventing a plaintiff from traveling to the forum state do not render the "forum so seriously inconvenient as to be unreasonable." Lomax, 20013 WL 5674249 at *5 (finding that physical presence in the forum is not required to have a fair opportunity to litigate and that technology can eliminate the need for the plaintiff to travel to the forum where an elderly woman was in poor health). Accordingly, Plaintiff has not made a strong showing, which is required to

6

establish a proper basis to invalidate the forum selection clause. The Court finds the forum selection clause to be valid and enforceable.

### C. Balancing the Private and Public Interest Factors

In balancing the private and public factors, this Court finds transfer is appropriate. The first two private factors, plaintiff's and defendant's forum preference, are settled by the valid and enforceable forum selection clause. Jumara, 55 F.3d at 880 ("[A] forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum."). Therefore, the first two factors weigh in favor of transfer. Factor three, whether the claim arose elsewhere, does not support maintaining the case in New Jersey because the events occurred at sea in the Caribbean. With respect to factor four, there has been no showing that non-party witnesses would be unavailable in either forum and therefore, this factor is neutral. Looking to factor five, Plaintiff is in poor health and New Jersey would be a more convenient forum for her to litigate. However, the Court notes that this one factor weighing in favor of keeping the action in New Jersey, does not weigh heavily enough to overcome the valid forum selection clause and balance of the other factors. The last private factor, the location of books and records, also weighs in favor of transfer. Most records for the cruise ship are in Florida, which is the departing point for most cruises chartered by Defendant. ECF No. 32 at 10–11. Any records from Plaintiff's New Jersey doctor could be easily transmitted to Florida.

Further, the public factors also support transfer. Under the first factor, regarding the enforceability of the judgment, there is no distinction between the Southern District of Florida and this forum. Therefore, this factor is neutral. In considering the next factor, practical considerations for a prompt and inexpensive trial, because most of the witnesses, evidence, and records are in Florida this factor weighs in favor of transfer. The factor concerning the relative administrative

difficulty in the two fora resulting from court congestion does not weigh heavily in either direction in this case. The factor that relates to deciding local controversies at home is neutral because although the Plaintiff is a resident of New Jersey, the Defendant is a Denmark Corporation and is licensed to conduct business in the state of Florida. The public policies of the fora factor, weighs toward transfer because "New Jersey jurors should not be burdened with adjudicating a matter concerning decisions and/or conduct which occurred almost exclusively outside the State of New Jersey." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 526 (D.N.J. 1998). Finally, as to the factor of the trial judge's familiarity with the applicable law, judges in the Southern District of Florida regularly address personal injury admiralty cases relating to large cruise ships, making them particularly familiar with the applicable law, weighing in favor of transfer. See Irwin v. Celebrity Cruises, Inc., 2013 WL 1314463, at *6 (E.D.Pa. 2013) ("Moreover, given the number of cases involving injuries incurred aboard cruise ships litigated in the Southern District of Florida, that District has a measure of familiarity with these kinds of cases that the Eastern District of Pennsylvania does not have."). Therefore, the private and public interest factors weigh in favor of transfer.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion is GRANTED, and this matter shall be transferred to the Southern District of Florida, Miami Division. An appropriate Order accompanies this Opinion.

Date: January 30th, 2020

Claire C. Cecchi, U.S.D.J.